CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

5/302025

LAURA A. AUSTIN, CLERK
BY:
        s/A. Beeson
            DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DARYLL SHUMAKE,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:25-cv-00206** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **COMMOWNEALTH OF VIRGINIA,** | ) | **Senior United States District Judge** |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Daryll Shumake, a state prisoner proceeding pro se and without prepayment of the filing fee, brought this action under 42 U.S.C. § 1983 against the Commonwealth of Virginia. For the reasons set forth below, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

### I.     Background

Shumake is incarcerated at Wallens Ridge State Prison. He previously filed at least three actions that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Shumake v. Commonwealth, No. 7:17-cv-00214 (W.D. Va. June 29, 2017); Shumake v. Smith, No. 7:12-cv-00174 (W.D. Va. Apr. 18, 2012); Shumake v. Harvey, No. 7:05-cv-00802 (W.D. Va. Jan. 9, 2006); Shumake v. Wallens Ridge State Prison, No. 7:05-cv-00708 (W.D. Va. Nov. 29, 2005).

In March 2025, Shumake filed this action against the Commonwealth of Virginia, seeking to recover $4,500 in compensatory damages. Compl, ECF No. 1, at 1. Shumake alleges that the Commonwealth is solely responsible for him being held in custody for "a crime he did not do." Id. He further alleges that he sustained unidentified "injuries" as a result of "the

defendant's negligence" and requests that his "commissary restriction be removed indefinitely without delay nor discrimination." Id.

Along with his civil complaint, Shumake submitted a receipt for a grievance that included the following complaint:

> I have spoken to OPS Rose medical head Townsend and Caughron pertaining to my disability. I know intentionally I am being discriminated against with prejudice retaliation per my comments about my medical file accommodations required WRSP.

Compl. Ex., ECF No. 1-1, at 1 (quoted as written).

## II.    Discussion

"[T]he Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortis-Marquez, 590 U.S. 595, 597 (2020). The rule provides that a prisoner like Shumake, who has had three or more civil actions dismissed as frivolous, malicious, or for failure to state a claim, may not bring another civil action without prepayment of the filing fee unless he shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the imminent-danger exception, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Instead, an inmate "must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Id. (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); see also Holley v. Combs, 134 F.4th 142, 144–46 (4th

Cir. 2025) (concluding that an inmate satisfied the exception by alleging with specificity an ongoing practice of retaliation that had injured him and other similarly situated).

Shumake's complaint and other submissions do not contain any factual allegations that would support a finding that he is in imminent danger of serious physical injury. Although he refers to unidentified "injuries" and an unspecified "disability," such vague and conclusory allegations are insufficient to satisfy the imminent-danger exception. See Johnson, 200 F. App'x at 272; see also Johnson v. Little, 852 F. App'x 369, 371 (10th Cir. 2021) ("To satisfy § 1915(g), a prisoner must present specific, credible allegations of imminent danger of serious physical harm. He should identify at least the general nature of the serious physical injury he asserts is imminent. Vague and utterly conclusory assertions are insufficient.") (internal quotation marks and citations omitted).

### III.    Conclusion

For the reasons stated, Shumake has not alleged facts sufficient to establish that he is in imminent danger of serious physical injury. Accordingly, the court will dismiss the action without prejudice under 28 U.S.C. § 1915(g).*

_____

* Even if Shumake had satisfied the requirements of § 1915(g), the complaint would be subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. To the extent the complaint seeks relief under 42 U.S.C. § 1983 for alleged violations of Shumake's federal constitutional rights, the Commonwealth of Virginia is not a "person" subject to liability under the statute. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Additionally, his conclusory allegations are insufficient to state a claim of disability discrimination. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks, citations, and alterations omitted).

An appropriate order will be entered.

Entered: May 30, 2025

Michael F. Urbanski
U.S. District Judge
2025.05.30 16:58:11
-04'00'

Michael F. Urbanski
Senior United States District Judge