CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 16, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **DARYLL SHUMAKE,** ) | |
| Plaintiff, ) | Civil Action No. 7:25-cv-00206 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **COMMONWEALTH OF VIRGINIA,** ) | Senior United States District Judge |
| Defendant. ) | |

## ORDER

Daryll Shumake, a state inmate proceeding <u>pro se</u> and without prepayment of the filing fee, filed this civil action under 42 U.S.C. § 1983 against the Commonwealth of Virginia. On May 30, 2025, the court dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(g). Shumake has now filed a "motion for fair consideration," ECF No. 14; a "motion to strike," ECF No. 15; and a "matter in controversy," ECF No. 16. The court construes the first motion and the "matter in controversy" as a motion to amend the complaint, and the court construes the second motion as a motion for relief under Federal Rule of Civil Procedure 59(e). For the following reasons, both motions are **DENIED**.

### I.    Motion to Amend the Complaint

"A post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." <u>MSP Recovery Claims, Series LLC v. Lundbeck LLC</u>, 130 F.4th 91, 113 (4th Cir. 2025) (internal quotation marks omitted). "Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—for example, if the proposed amended complaint fails to satisfy the requirements of the federal rules[.]" <u>Id.</u> (internal quotation marks omitted).

Having reviewed Shumake's filings, the court concludes that the proposed amendments would be futile because the action would still be subject to dismissal under 28 U.S.C. § 1915(g). See Schmidt v. Rodrigues, 641 F. App'x 913, 916 (11th Cir. 2016) (holding that amendment would have been futile since the proposed amended complaint did not satisfy the "imminent danger" exception to the three-strikes provision). As noted in the previous opinion, Shumake has had at least three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted. Consequently, he "must pay the full filing fee when he initiates suit," and "his failure to do so warrants dismissal without prejudice." Id. (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)). "The only exception is if [Shumake] is 'under imminent danger of serious physical injury.'" Id. (quoting 28 U.S.C. § 1915(g)).

Neither Shumake's original complaint nor his subsequent filings allege facts sufficient to satisfy the "imminent danger" exception to the three-strikes provision. His filings include conclusory references to "culpable negligence," a conspiracy to manufacture false evidence, "fraud on the court," and past instances of "retaliation/discrimination." ECF Nos. 14, 16. Because the filings do not "allege[] sufficient and specific facts establishing that he . . . is in imminent danger of serious physical injury," they do not satisfy the "imminent danger" exception. Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). Consequently, granting leave to amend would be futile since the action would still be subject to dismissal under § 1915(g).

## II.    Motion to Alter or Amend the Judgment

Rule 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Although Rule 59(e) itself does not provide a standard under which relief may be granted, the United States Court of Appeals for the Fourth Circuit has held that "[a] Rule 59(e) motion may only be granted in three situations: '(1)

2

to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). The rule provides "an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id. It "may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks and citation omitted).

Having reviewed the record and applicable law, the court concludes that Shumake is not entitled to relief under Rule 59(e). Shumake does not point to any change in controlling law or identify any new evidence that was previously unavailable. Nor has he shown that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Accordingly, he is not entitled to relief.

### III. Conclusion and Order

For the foregoing reasons, it is hereby **ORDERED** that Shumake's "motion for fair consideration," ECF No. 14, and his "motion to strike," ECF No. 15, are **DENIED**. The Clerk is directed to send a copy of this order to Shumake.

It is so **ORDERED**.

Entered: July 16, 2025

Michael F. Urbanski
U.S. District Judge
2025.07.16
10:35:23 -04'00'

Michael F. Urbanski
Senior United States District Judge

3